**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**LEWIS F. CARTER,**

> **Plaintiff,**

v.                                                    **Civil Action No. 3:19cv164**

**UNITED STATES OF AMERICA,**

> **Defendant.**

### MEMORANDUM OPINION

This matter comes before the Court on *pro se* Plaintiff Lewis F. Carter's Motion to Alter or Amend the Order of the Court pursuant to Federal Rule of Civil Procedure 59(e),[1] (the "Motion for Reconsideration"). (ECF No. 11.) The United States did not respond to the Motion for Reconsideration, and the time to do so has expired. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. Because Carter fails to meet the requirements of Rule 59(e), the Court will deny the Motion for Reconsideration.

### I.  Background

Before Carter initiated the instant lawsuit, the United States filed two actions against Carter arising out of his unpaid taxes. On December 31, 2015, this Court granted summary judgment in favor of the United States and ordered Carter to pay "his unpaid federal tax debt in the amount of $309,718.95, plus statutory additions accruing thereafter [as of January 5, 2015,][2]

---

[1] "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e).

[2] Two weeks after granting summary judgment, the Court issued an order to amend the judgment so as to clarify that the statutory additions accrued from January 5, 2015, and not the

until paid." *United States v. Carter (Carter I)*, No. 3:15cv161, 2015 WL 9593652, at \*7–\*8 (E.D. Va. Dec. 31, 2015). Nearly three years later, the United States successfully sought "to foreclose on certain proprieties to collect those judgments." *United States v. Carter (Carter II)*, No. 3:16cv674, 2018 WL 4356773, at \*1, \*14 (E.D. Va. Sept. 12, 2018). The Court later entered an Order of Sale authorizing the United States to sell Carter's properties located in Westmoreland County, Virginia to satisfy Carter's outstanding tax liabilities. *Carter II*, No. 3:16cv674, (ECF No. 100).

On December 26, 2018, Carter, proceeding *pro se*, filed this third action in the Circuit Court for Westmoreland County (the "Westmoreland Circuit Court"), naming as the only defendant the abstract lien on his Westmoreland County properties that stemmed from the Court's opinion in *Carter I*. (Notice Removal Ex. 1 "Complaint," ECF No. 1-1.) In this new case, Carter sought injunctive and declaratory relief. (*Id.* 13–14.) On March 12, 2019, eighteen days after receiving actual notice of the Complaint, the United States removed the case to federal court. (Notice Removal, ECF No. 1.) Because Carter did not name the United States as a defendant, the Court *sua sponte* ordered the United States to address the propriety of its removal. (Mar. 14, 2019 Order 2, ECF No. 2.) The United States timely responded, asserting that Carter's Complaint was a "collateral attack" against this Court's prior judgment against Carter, and that the United States constituted the real party in interest under Federal Rule of Civil Procedure 17.[3]

---

date of the judgment. *Carter I*, No. 3:15cv161, ( ECF No. 75). The Court amended the judgment pursuant to Federal Rule of Civil Procedure 60, which allows a court to "correct a clerical mistake . . . whenever one is found in a judgment." Fed. R. Civ. P. 60(a).

[3] "An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1).

(United States Resp. 1–2, ECF No. 3.) The Court deemed the removal proper and substituted the United States as the defendant in this matter. (Mar. 19, 2019 Order 3, ECF No. 4.)

On March 20, 2019, the United States filed a Motion to Dismiss. (ECF No. 5.) The United States argued that the Court lacked subject-matter jurisdiction over Carter's Complaint and that Carter failed to state a claim under Federal Rule of Civil Procedure 12(b)(1)[4] and 12(b)(6).[5] (*Id.*) Although the Motion to Dismiss advised Carter that he had twenty-one days to respond,[6] Carter failed to file a response. (*See* Mot. Dismiss Ex. 2, ECF No. 5-2.) On April 3, 2019, Carter filed a Motion to Remand asking the Court to remand this action back to the Westmoreland Circuit Court. (ECF No. 7.) The United States did not respond to the Motion to Remand.

On October 11, 2019, the Court issued a Memorandum Order on the United States' Motion to Dismiss and Carter's Motion to Remand. (ECF No. 10.) Because the Court had already deemed removal of this case to federal court proper, the Court denied Carter's Motion to Remand. (*Id.* 3, 9.) The Court granted the Motion to Dismiss and dismissed Carter's Complaint with prejudice. (*Id.* 9.) Specifically, the Court concluded that the Tax Anti-Injunction Act, the Declaratory Judgment Act, and sovereign immunity prohibited the Court from exercising subject matter jurisdiction over this suit. (*Id.* 4.) Further, even if the Court had jurisdiction, the

---

[4] Rule 12(b)(1) allows dismissal for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).

[5] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[6] *See* Local Rule 7(K) (requiring "any party who files any dispositive . . . motion addressed to a party who is appearing in the action without counsel to attach to . . . the motion a warning consistent with the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975.)").

3

Complaint likely failed to state a claim upon which relief could be granted because *res judicata* barred Carter's attack on the lien. (*Id.* 7.)

On November 6, 2019, Carter timely filed his Motion for Reconsideration asking the Court to "alter or amend" its October 11, 2019 Memorandum Order. (ECF No. 11.) The Court now considers this pending motion.

## II.  Standards of Review

### A.    Obligation to Construe *Pro Se* Pleadings Liberally

Because Carter proceeds *pro se*, the Court construes his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks and citations omitted)). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Federal Rule of Civil Procedure 8 for "all civil actions"). A *pro se* plaintiff litigant must allege facts sufficient to state a cause of action. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (citation omitted). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint." *Newkirk v. Cir. Ct. of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014) (internal quotation marks and citations omitted).

### B.    Federal Rule of Civil Procedure 59(e)

Carter's Motion for Reconsideration invokes Federal Rule of Civil Procedure 59(e) and seeks alteration of the Court's October 11, 2019 Memorandum Order granting the United States'

Motion to Dismiss and denying Carter's Motion to Remand. (Mot. Recons. 1.) Federal Rule of Civil Procedure 59(e) states, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). "The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1810.1, at 127–28 (2d ed. 1995)). In short, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion . . ." *Smith v. Donahoe*, 917 F. Supp. 2d 562, 572 (E.D. Va. 2013) (citing *Pac. Ins. Co.*, 148 F.3d at 403). Rule 59(e) does not "give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) (observing that plaintiff's brief in support of his motion to alter or amend the judgment was "no more than an expression of a view of the law contrary to that set forth in the Court's opinion," and thus the court had no proper basis to alter or amend its previous order). "[T]he purpose of Rule 59(e) motion is to allow a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Smith*, 917 F. Supp. 2d at 572 (internal quotation marks and citations omitted).

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing

5

*Weyerhauser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

## III.  Analysis

Although Carter timely filed his Motion for Reconsideration, he fails to satisfy the requirements of Rule 59(e) because he did not identify a change in controlling law, new evidence, or a clear error of law.  Rather, the core of his Motion for Reconsideration that underlies his repeated assertions is that the Court should remand this matter to the Westmoreland Circuit Court.[7]  Carter's contentions fall well outside any of the three possible grounds for relief under Rule 59(e).  Nevertheless, in deference to Carter's *pro se* status, the Court will analyze Carter's accusations under each possible ground.  The Court will address the grounds by starting with those he emphasizes most emphatically and ending with those he highlights less, or not at all:  (1) an error of law or a need to prevent manifest injustice; (2) a change in controlling law; and, (3) new evidence.  *See Hutchinson*, 994 F.2d at 1081.

### A.    Carter's Motion for Reconsideration Fails to Identify Any Error or Injustice That Requires Correction Under Rule 59(e)

As part of its three-factor analysis, Rule 59(e) allows a court to reconsider its prior decision due to an error of law or a need to prevent manifest injustice.  *See id.*  Carter's Motion for Reconsideration most closely resembles an effort to establish this ground for relief by stating that the court must "correct a clear error of law."  *Id.*  Specifically, Carter alleges that the Court's October 11, 2019 Order contained "numerous fatal errors." (Mot. Recons. ¶ 3.)  Carter recycles many of his previous legal arguments and focuses much of his filing on his belief that the United

---

[7] The Court's March 19, 2019 Order deeming removal proper and substituting the United States as the defendant renders many of Carter's claims moot and meritless.

States improperly removed this case to federal court.[8] He copies—nearly verbatim—language from his prior Motion to Remand into his Motion for Reconsideration. (*Compare* Mot. Remand ¶¶ 75–77, 79–81, *with* Mot. Recons. ¶¶ 7, 9–13.)

Reading his motion liberally, the Court distills three bases upon which Carter rests his claim that the Court made a clear error of law: (1) the determination that the Court could not exercise subject matter jurisdiction over this matter while declining to remand this action to the Westmoreland Circuit Court, (2) the incorrect determination that Carter bore the burden of establishing subject matter jurisdiction; and, (3) the erroneous grant of the Motion to Dismiss when the Court lacks subject matter jurisdiction. For the reasons articulated below, each of these three arguments fails to raise any error requiring the Court to reconsider its October 11, 2019 Order due to a clear error of law or to prevent manifest injustice under Rule 59(e).

### 1.   Carter Incorrectly Claims That the Court's Lack of Subject Matter Jurisdiction Over This Matter Necessitates Remand to Westmoreland Circuit Court

In his first argument suggesting an error of law, Carter asserts that the Court's lack of subject matter jurisdiction over his Complaint necessitates remand to the Westmoreland Circuit Court. (*See* Mot. Recons. ¶¶ 4, 7, 20, 24.) Carter argues that

> [i]f the federal court finds . . . that it does not have the ability to lawfully take jurisdiction over the claims . . . that [have] been removed to federal court, then, because the case was removed from the state courts, the federal court . . . must . . . remand the action back to the state court out of which it was wrongfully removed.

---

[8] Carter repeatedly contested the federal court's exercise of jurisdiction in *Carter I* and *Carter II*. *See, e.g.*, *Carter II*, No. 3:16cv674 (ECF Nos. 62, 73, 75); *Carter I*, No. 3:15cv161 (ECF Nos. 11, 60). The Court explained the propriety of hearing these cases in federal court in its prior Opinions. *See, e.g.*, *Carter I*, No. 3:15cv161, 2018 WL 1244146, at *3 (E.D. Va. Mar. 9, 2018); *Carter I*, 2015 WL 9593652, at *5.

(*Id.* ¶ 20 (emphasis omitted).) This contention fails for two reasons: (1) Carter cannot simply rehash old arguments in his Motion for Reconsideration; and, (2) removal jurisdiction and subject matter jurisdiction require two different analyses. As a result, even though the Court lacks subject matter jurisdiction over this matter, it need not remand it to the Westmoreland Circuit Court.

First, Carter cannot use a Rule 59(e) motion to "relitigate old matters." *Pac. Ins. Co.*, 148 F.3d at 403 (internal quotation marks omitted). However, he continues to do just that as he advocates for remand to the Westmoreland Circuit Court. (*See* Mot. Recons. ¶¶ 4, 7, 20, 24.) Articulating a sound basis, the Court has already addressed and rejected this very argument when deciding Carter's Motion to Remand. (*See* Oct. 11, 2019 Order 3; Mar. 19, 2019 Order 3.)

Second, Carter conflates the removal of a case to district court with a district court exercising subject matter jurisdiction over a case. Under 28 U.S.C. § 1442,[9] the United States may remove to federal court any case brought against it. 28 U.S.C. § 1442(a)(1). In *Banks v. Virginia Electric & Power Co.*, the Fourth Circuit recognized that proper removal of a case to federal district court does not automatically resolve the question of whether that court ultimately can exercise subject matter jurisdiction over the action. No. 99-1392, 2000 WL 191851, at *1–2 (4th Cir. Feb. 17, 2000). The *Banks* court stated that arguing otherwise would be "untenable" given a defendant's right to raise a subject matter jurisdiction defense at any time. *Id.* at *2.

Here, the Court's March 19, 2019 Order deeming removal proper did not preclude the possibility that Carter's Complaint fails to establish subject matter jurisdiction. Carter appears to believe that the Court determined removal proper because Carter's Complaint implicated either

---

[9] A civil action commenced in state court against the United States "may be removed . . . to the district court." 28 U.S.C. § 1442(a)(1).

federal question jurisdiction[10] or supplemental jurisdiction.[11] (*See, e.g.*, ¶¶ 11–16.) Carter cites, at length, cases that discuss the impact of state law on federal question subject matter jurisdiction, but these rulings do not affect the outcome of the case at bar.[12]

In contrast, the Court deemed removal proper because the United States was the proper defendant. (*See* March 19, 2019 Order 3.) As the *Banks* court explained, deciding the propriety of removal of a case to a district court and determining if that district court can exercise subject matter jurisdiction over that same case requires two distinct analyses. *See Banks*, 2000 WL 191851, at *1–2. The Court addressed the first in its March 19, 2019 Order, which deemed removal proper, and the second in its October 11, 2019 Order, which granted the dismissal of Carter's Complaint for lack of subject matter jurisdiction.

---

[10] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[11] "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).

[12] For example, Carter cites to the Supreme Court of the United States' decision in *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986). (Mot. Recons. ¶¶ 11–12.) In that case, the Supreme Court addressed whether the "presence of a federal issue in a state-created cause of action" established a district court's jurisdiction under 28 U.S.C. § 1331. *Merrell Dow Pharm., Inc.*, 478 U.S. at 810. The Supreme Court ruled that "a complaint alleging a violation of a federal statute as an element of a state cause of action" does not sufficiently "state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Id.* at 817. The district court could not exercise subject matter jurisdiction under 28 U.S.C. § 1331 in that scenario. *Id.* at 817.

Carter cites to *Merrell Dow Pharmaceuticals, Inc.* because he considers remand to the Westmoreland Circuit Court appropriate. The defendant in *Merrell Dow Pharmaceuticals, Inc.*, however, was a corporation, not the United States. Here, the United States properly removed the case under 28 U.S.C. § 1442(a)(1). Because this Court never determined it could exercise subject matter jurisdiction under 28 U.S.C. § 1331, the Supreme Court's discussion of federal question subject matter jurisdiction does not pertain to the instant suit. This case offers no support to Carter's claim.

Because the Court correctly considered both the propriety of removal and the existence of subject matter jurisdiction, Carter has not shown a "clear error of law" under his argument that a lack of subject matter jurisdiction would necessitate remand. *See Hutchinson*, 994 F.2d at 1081.

### 2.     The Court Correctly Determined That Carter Failed to Carry His Burden of Establishing Subject Matter Jurisdiction

Carter's second contention regarding an error of law rests on his belief that the Court "wrongfully and erroneously" determined that Carter failed to carry the burden of establishing subject matter jurisdiction. (Mot. Recons. ¶ 8.) The United States removed this case to federal court so, Carter avers, the *United States* actually carries the burden of establishing that the Court can exercise subject matter jurisdiction over this matter. (*Id.* ¶¶ 8–9.) Because Carter is the plaintiff in this matter, the Court correctly determined that the burden of establishing the Court's subject matter jurisdiction of this suit rested with Carter. Therefore, this second argument also fails to show a "clear error of law." *Hutchinson*, 994 F.2d at 1081.

Carter attempts to bolster his position that the burden of establishing subject matter jurisdiction rests with the United States by citing *Richmond, Fredericksburg & Potomac Railroad Co. v. United States*, 945 F.2d 765 (4th Cir. 1991).[13] (*See* Mot. Recons. ¶ 9.) But that case stands for the antithetical proposition Carter advances: *Richmond, Fredericksburg & Potomac Railroad Co. v. United States* clearly indicates that Carter bears the burden of establishing subject matter jurisdiction, stating "[w]hen a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter

---

[13] Carter cites several non-binding cases outside of the Fourth Circuit to support his argument. (*See* Mot. Recons. 3 n.2.) The Court addresses *Richmond, Fredericksburg & Potomac Railroad Co.* because it falls within the jurisdiction of the Fourth Circuit.

jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768

(citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).[14]

Also, despite receiving the requisite *Roseboro* notice, Carter never responded to the

United States' Motion to Dismiss. This Court, therefore, correctly determined that Carter did not

carry his burden—as the *plaintiff* in the instant suit—of proving the Court's subject matter

jurisdiction over his claims for injunctive and declaratory relief. *See Int'l Longshoremen's Ass'n*

*v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen.*

*Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th

Cir. 1982)) (explaining that when a defendant brings a "12(b)(1) motion challenging

jurisdiction" the burden rests with the plaintiff "to prove that federal jurisdiction is proper").

Carter's second argument, therefore, fails to show a "clear error of law" and fails to support the

Motion for Reconsideration under Rule 59(e). *Hutchinson*, 994 F.2d at 1081.

---

[14] In *Richmond, Fredericksburg & Potomac Railroad Co.,* the Fourth Circuit determined it could not exercise subject matter jurisdiction over a suit brought under the Quiet Title Act, 28 U.S.C. § 2409(a), because the plaintiff company did not file the suit within the statute of limitations. 945 F.2d at 767. The Quiet Title Act waived the sovereign immunity of the United States only for a twelve-year period, and the plaintiff filed the case outside of that period. *Id.* at 767, 769.

*Richmond, Fredericksburg & Potomac Railroad Co.* is factually and procedurally distinct, rendering it inapposite. First, Carter never raised any basis by which the United States waived its sovereign immunity. (*See* Oct. 11, 2019 Order 6.)  Second, the plaintiff in *Richmond, Fredericksburg & Potomac Railroad Co.* filed its suit to quiet title in the United States District Court for the Eastern District of Virginia. *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768. Because the plaintiff did not file the suit in state court, this decision cannot possibly stand for Carter's misguided proposition that the burden of establishing subject matter jurisdiction shifts to the defendant after removal from state court. *Richmond, Fredericksburg & Potomac Railroad Co.* simply does not pertain.

### 3.   The Court Properly Granted the United States' Motion to Dismiss Under Rule 12(b)(1)

Third, Carter maintains that the Court made an error of law by "ruling on any substantive motions in the case (like the defendant's Motion to Dismiss) until the threshold issue of . . . federal court subject-matter jurisdiction [is] established." (Mot. Recons. ¶ 22 (emphasis omitted).) Carter adds that the Court "must be certain that federal subject matter jurisdiction is proper before entertaining a motion . . . to dismiss the plaintiff's complaint for failure to state a claim." (*Id.* ¶ 5.) Carter's third argument does not reveal any error of law that requires correction under Rule 59(e) because the Court followed the proper procedure in granting the United States' Motion to Dismiss.

Rule 12(b)(1) plainly allows dismissal for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Carter states: "The district court must be certain that federal subject matter jurisdiction is proper before entertaining a motion by the defendant under Federal Rule 12 to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted." (Mot. Recons. ¶ 5.) The Court's Order did just that. In its Motion to Dismiss, the United States moved for dismissal of the Complaint under Rules 12(b)(1) and 12(b)(6). (Mem. Supp. Mot. Dismiss 3–5.) The Court dismissed the Complaint for lack of subject matter jurisdiction. (Oct. 11, 2019 Order 4–6.) It made no findings as to United States' Rule 12(b)(6) argument.

Instead, the Court noted that "[e]ven *if* [it] exercised jurisdiction over this claim, based on the Court's prior holdings in *Carter I* and *Carter II*, *res judicata* would *likely* bar Carter's requested relief." (*Id.* 7 (emphasis added).) Carter cites no case or rule that compels a different result under either Rule 12(b)(1) or Rule 12(b)(6). As a result, even read liberally, Carter fails to identify a "clear error of law" under any of the three theories he advances under Rule 59(e). *Hutchinson*, 994 F.2d at 1081.

12

### 4.    Carter Does Not Show a Need to Prevent Manifest Injustice

Having found no error of law, the Court turns to whether Carter establishes manifest injustice, which is the alternate basis Carter could prevail under the primary argument he raises here.  Although Carter focuses his arguments on purported error, the Court addresses whether Carter has shown "manifest injustice."  *Id.*  But it need do so only briefly.  Carter falls far short of demonstrating manifest injustice.

Carter broadly asserts that the Court acted "prejudicially" when it "refused to first address [his] Motion to Remand."  (Mot. Recons. ¶ 6 (emphasis omitted).)  He characterizes the Court's determination he failed to carry his burden of establishing subject matter jurisdiction as "both erroneous and prejudicial."  (*Id.* ¶ 8 (emphasis omitted).)  Even read liberally, Carter offers no evidence of prejudice beyond these blanket statements.  To properly plead a Rule 59(e) motion, Carter must state "more than an expression of a view of the law contrary to that set forth in the Court's opinion."  *Durkin*, 444 F. Supp. at 889.  Because he has failed to do so, the Motion for Reconsideration also does not show a need for the Court to reconsider its prior Memorandum Order "to prevent manifest injustice."  *Hutchinson*, 994 F.2d at 1081.  Thus, Carter does not establish any basis for reconsideration to prevent a manifest injustice.

### B.    Carter's Motion for Reconsideration Fails to Identify a Change in Law Under Rule 59(e)

The Motion for Reconsideration also fails to meet the other two possible grounds for relief under Rule 59(e):  (1) a change in law; and, (2) new evidence.  *See id.*  First, Carter does not identify any "intervening change in controlling law."  *Id.*  Nor can he.

The Court granted the United States' Motion to Dismiss under Rule 12(b)(1), and determined it likely could also grant the Motion to Dismiss under Rule 12(b)(6).  (*See generally* Oct. 11, 2019 Mem. Order.)  Thus, any new law pertaining to those rules would potentially affect

13

the outcome of this case. Carter's Motion for Reconsideration refers to a number of cases and statutes, but none describe a new development or standard for considering motions to dismiss brought under these rules.

In its October 11, 2019 Order, the Court also denied the Motion to Remand because it had already deemed removal of this matter proper in its March 19, 2019 Order. Although Carter's discussion of law primarily focuses on removal jurisdiction, he raises no new legal developments that cast doubt upon whether the United States constitutes the proper defendant in this matter or 28 U.S.C. §§ 1441 and 1442, which form the basis for removal here. Therefore, Carter fails to identify any *changed* law that *controls* the outcome of this case. *See Hutchinson*, 994 F.2d at 1081.

C.   **Carter's Motion for Reconsideration Fails to Identify New Evidence Under Rule 59(e)**

Finally, the Motion for Reconsideration lacks any "new evidence," the final ground for relief under Rule 59(e). *Id.* Carter presents no new facts that came to light after the Court's October 11, 2019 Order granting the United States' Motion to Dismiss and denying Carter's Motion to Remand. He instead proffers his own interpretations of pre-existing law. Because these interpretations of law do not constitute new evidence, the Motion for Reconsideration fails under the final ground for relief under Rule 59(e).

In sum, Carter has failed to identify a reversible error, a change in law, or any new evidence, therefore, he has failed to meet the standard under any of the three grounds for relief under Rule 59(e).

14

## IV.  Conclusion

For the foregoing reasons, the Court will deny Carter's Motion for Reconsideration.

(ECF No.  11.)

An appropriate order shall issue.

_____/s/_____

M. Hannah Lauck
United States District Judge

Date: 7/9/2020
Richmond, Virginia

15